UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANYCE H. TILMON-JONES,

    Plaintiff,

                                     Case No. 06-14048

v.

                                     Hon. John Corbett O'Meara

ARMEN BOLADIAN and
BRIDGEPORT MUSIC, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS'
## MOTION FOR SANCTIONS

Before the court is Defendants' motion for sanctions, filed January 4, 2011. Plaintiff filed a response on January 11, 2011. Defendants submitted a reply on January 31, 2011. The court did not hear oral argument.

The parties settled this copyright infringement case and stipulated to its dismissal on September 6, 2007. On November 19, 2010, Plaintiff filed a motion to set aside the dismissal for fraud upon the court, alleging that Defendants' counsel had withheld material documents prior to the settlement. Defendants filed a response on December 17, 2010, attesting that the documents had, in fact, been produced to Plaintiff. Defendants also served Plaintiff with a motion for Rule 11 sanctions on December 14, 2010.

In light of Defendants' response and Rule 11 motion, Plaintiff voluntarily withdrew without prejudice her motion to set aside the dismissal on January 4, 2011. The same day, Defendants filed the instant motion, requesting sanctions and that Plaintiff's motion be dismissed *with* prejudice.

Federal Rule of Civil Procedure 11 provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(c)(2). As explained in the Advisory Committee notes to the 1993 amendments,

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) at 91-92 (West 2011).

After being served with Defendants' motion for sanctions, Plaintiff timely withdrew her motion. Thus, sanctions under Rule 11 would be inappropriate and would contravene the intention of the safe harbor provision. Implicitly recognizing this, Defendants instead seek sanctions under the court's "inherent power."

The imposition of sanctions under the court's inherent power "*requires* a finding of bad faith or of conduct 'tantamount to bad faith.'" BDT Prod., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 752 (6th Cir. 2010) (citations omitted). "In order to award attorney fees under this bad faith exception, a district court must find (1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper

purpose such as harassment." Id. (citations and quotation marks omitted).  The Sixth Circuit has clarified that the "mere fact that an action is without merit does not amount to bad faith. . . . Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose. . . . [H]owever, these sorts of conduct cannot be demonstrated *solely* by the fact that party knowingly pursued a meritless claim or action." Id. (emphasis in original).

The facts in this matter are heavily contested; Defendants contend that Plaintiff knew or should have known that the accusations in her motion were false.  Plaintiff's current counsel contends that he undertook a reasonable inquiry, including obtaining declarations from Plaintiff's former counsel and another witness.  Although Plaintiff's motion may have been meritless, the court finds no evidence that it was filed based upon an improper purpose rather than an honest mistake.  Therefore, the court declines to exercise its discretion to award sanctions here.  Nor does the court see any purpose in dismissing a motion with prejudice that has already been withdrawn by Plaintiff.  If Plaintiff chooses to re-file her motion, however, the court will of course revisit the issue.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion for sanctions is DENIED.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date:  June 1, 2011

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 1, 2011, using the ECF system.

               s/William Barkholz
               Case Manager