UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANYCE H. TILMON-JONES, individually
and in her capacity as Personal Representative
of the Estate of Abrim Tilmon, Jr.,

      Plaintiff,

                                  Case No. 06-14048

v.

                                  Hon. John Corbett O'Meara

BRIDGEPORT MUSIC, INC., a
Michigan corporation, and
ARMEN BOLADIAN, an individual,

      Defendants.

_____/


**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO SET ASIDE CONSENT ORDER OF SETTLEMENT**

      Before the court is Plaintiff's motion to set aside the September 6, 2007 consent order of

settlement, filed November 1, 2011.  Defendants submitted a response on November 21, 2011;

Plaintiff filed a reply brief on December 5, 2011.  With leave of court, Defendants filed a sur-

reply on January 3, 2012.  The court heard oral argument on January 5, 2012, and took the matter

under advisement.

      Also before the court is Defendants' motion to strike the declarations of Benjamin

Whitfield and Brian A. Spears, filed December 5, 2011.  Plaintiff filed a response on December

7, 2011.  The court denied Defendants' motion on the record on January 5, 2012.


**BACKGROUND FACTS**

      This is a copyright action involving two songs written by Abrim Tilmon: "Feel the Need

in Me" and "Yes, I Know I'm in Love."  Plaintiff is Janyce H. Tilmon-Jones, Tilmon's widow

and the personal representative of his estate.  Plaintiff claims that Defendants Armen Boladian

and his company, Bridgeport Music, Inc., failed to pay royalties for the songs at issue.

The parties entered into a settlement and consent order on September 6, 2007.  Pursuant

to the settlement, Defendants paid approximately $113,000 in royalties for the two songs for the

period January 1, 2002, through June 30, 2007.  The parties also agreed upon an allocation of the

rights to the songs going forward.

Plaintiff seeks to set aside the settlement pursuant to Fed. R. Civ. P. 60(d)(3) (fraud on

the court).  Plaintiff alleges that the settlement should be set aside because Defendants withheld a

key document – the June 30, 2007 Royalty Report – which was requested during discovery and

should have been produced.  Plaintiff contends that this royalty report shows that she was

entitled to significantly more money than provided under the parties' settlement.  Further,

Plaintiff makes serious allegations against defense counsel, alleging that Defendants

"intentionally cheated" her "for years with the knowing assistance of legal counsel."

## LAW AND ANALYSIS

Putting aside the issue of whether Plaintiff's allegations rise to the level of "fraud on the

court" under Rule 60, the allegations do not have a basis in fact.  Although Plaintiff claims that

she did not receive a copy of the June 30, 2007 Royalty Report before the parties settled on

September 6, 2007, Defendants have provided documentation demonstrating that Plaintiff

received the same information from Defendants prior to settlement.  See Declaration of Shari F.

Lesnick.  On August 14, 2007, Defendants' counsel, Shari Lesnick, mailed and emailed royalty

statements to Plaintiff's counsel, Benjamin Whitfield.  These statements provided royalty

-2-

information for "Feel the Need in Me" and "Yes I Know I'm in Love" for the period January 1,
2006, through June 30, 2007. See Lesnick Decl. at Ex. 6.  Although Lesnick did not provide the
"June 30, 2007 Royalty Report" (see Pl.'s Ex. E), the royalty information she did provide
matches the "June 30, 2007 Royalty Report."

For example, for the time period of January 1, 2007, to June 30, 2007, the information
provided by Lesnick shows that the royalties for "Feel the Need" and "Yes I Know I'm in Love"
were $1,209.67 and $1.51, respectively.  This is identical to the royalties shown in the "June 30,
2007 Royalty Report" which Plaintiff complains she did not receive.  Therefore, even if the
report existed and Plaintiff was entitled to it, based upon her discovery requests, Plaintiff
received the same information in a different format.  Under these circumstances, Plaintiff cannot
demonstrate prejudice, let alone fraud on the court.

Plaintiff also contends that the "June 30, 2007 Royalty Report" shows that she was
entitled to more money ($158,614.43) than she settled the case for; and if she had known she
would not have settled.  However, it appears that Plaintiff misreads the report.  The balance on
the "June 30, 2007 Royalty Report" refers to all the songs written by Tilmon for a fifteen-year
period, not the two songs for the five years at issue in this lawsuit.  See Lesnick Decl. at ¶ 39.
Plaintiff's contentions are without merit.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's motion to set aside the consent order of

settlement is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to strike the declarations of

Benjamin Whitfield and Brian A. Spears is DENIED.


s/John Corbett O'Meara
United States District Judge


Date:  January 10, 2012




I hereby certify that a copy of the foregoing document was served upon counsel of record
on this date, January 10, 2012, using the ECF system.


s/William Barkholz
Case Manager