UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANYCE H. TILMON-JONES, individually
and in her capacity as Personal Representative
of the Estate of Abrim Tilmon, Jr.,

    Plaintiff,

v.

BRIDGEPORT MUSIC, INC., a
Michigan corporation, and
ARMEN BOLADIAN, an individual,

    Defendants.
_____/

Case No. 06-14048

Hon. John Corbett O'Meara

## ORDER GRANTING MOTION FOR SANCTIONS

Before the court is Defendants' motion for sanctions, which has been fully briefed. The court did not hear oral argument.

The parties settled this action on September 6, 2007. On January 26, 2010, Plaintiff filed a motion to enforce the settlement, which was withdrawn on February 18, 2010. Plaintiff filed a motion to set aside the settlement for fraud on the court on November 19, 2010. After Defendants responded to the motion, asserting that it had no merit, Plaintiff withdrew the motion on January 4, 2011. At that time, Defendants sought sanctions, which the court declined to grant in light of Plaintiff's voluntary withdrawal of the motion.

On November 1, 2011, Plaintiff re-filed her motion to set aside the settlement, alleging fraud on the court and making serious allegations of misconduct on the part of defense counsel. Finding Plaintiff's motion to be without merit, the court denied it. Defendants seek sanctions again, pursuant to Rule 11 and 28 U.S.C. § 1927.

Defendants have now been forced to defend against Plaintiff's frivolous attempts to re-open this matter twice. The first time, the court gave Plaintiff's counsel the benefit of the doubt, in light of the fact that Plaintiff voluntarily withdrew the motion. This time, the court must conclude that not only were Plaintiff's motions without merit, but also that Plaintiff's counsel should have known, at the time of filing of the second motion, that they were without factual or legal basis. Faced with Defendants' first response and motion for sanctions, Plaintiff's counsel continued to press to re-open this matter a second time, based upon the same facts presented in the first motion. This is not reasonable behavior and it suggests to the court that Plaintiff's counsel has not filed these motions based upon their merit, but for the improper purpose of harassing Defendants. Further, in doing so, Plaintiff's counsel has vexatiously and unreasonably multiplied these proceedings.

Accordingly, the court finds that sanctions are appropriate pursuant to Rule 11 and 28 U.S.C. § 1927. See Runfola & `Assocs., Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 373-74 (6th Cir. 1996) (sanctions appropriate as a result of "the persistence in pursuing [a] claim after the pleader has or should have become aware of its lack of merit"). Plaintiff's counsel shall pay Defendants' reasonable attorney's fees and costs in responding to both motions to set aside the settlement. Defendants shall submit the appropriate affidavits and billing records in support of their request for fees within ten days of the date of this order. The court also imposes a sanction of $5,000 to be paid to the Clerk of the Court forthwith.

**SO ORDERED.**

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: September 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 26, 2012, using the ECF system.

                                                        s/William Barkholz  
                                                        Case Manager